THE LAW OFFICES OF
**ABDULAZIZ, GROSSBART & RUDMAN**
6454 Coldwater Canyon Ave.
North Hollywood, CA 91606-1187
(818) 760-2000 or Fax (818) 760-3908
Bruce D. Rudman (SB# 184610)
email address: bdr@agrlaw.com

*Proposed* Attorneys for the Debtor, 901 STRADA LLC

M. Jonathan Hayes (Bar No. 90388)
Matthew D. Resnik (Bar No. 182562)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
jhayes@rhmfirm.com

*Proposed* Special Counsel for Debtor
901 Strada, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>901 STRADA, LLC,<br><br>　　　　Debtor. | Case No.: 2:19-bk-23962-BB<br><br>Chapter 11<br><br>**EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE CERTAIN EVIDENCE, IN SUPPORT OF MOTION TO DISMISS BANKRUPTCY CASE; AND MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Action Filed:　　November 27, 2019<br><br>Date: December 17, 2019<br>Time: 10:00 a.m.<br>Place: Courtroom 1539<br>　　　　255 E. Temple Street<br>　　　　Los Angeles, CA 90012 |

- 1 -

TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE; TO THE OFFICE OF THE UNITIED STATES TRUSTEE; AND ALL CREDITORS AND PARTIES IN INTEREST:

**COMES NOW DEBTOR, 901 STRADA, LLC** (hereinafter the "**DEBTOR**") and does hereby submit the following evidentiary objections and request striking of certain of the purported evidence provided by the **PETITIONING PARTIES, JOHN C. BEDROSIAN, JUDITH BEDROSIAN, BEATRIZ HORACEK AND JOSEPH HORACEK ("MOVING PARTIES")** in support of their Motions to Dismiss Bankruptcy Case and For Relief From Automatic Stay:

## EVIDENTIARY OBJECTIONS

### Exhibit 3, Declaration of Russell Linch dated May 17, 2019

1. DEBTOR objects to this entire declaration because it lacks foundation (Federal Rules of Evidence §§ 402, 403), and the statements constitute inadmissible hearsay without a valid exception (Federal Rules of Evidence §§ 801-807). There is also an obvious bias in that the declarant is a plaintiff in a separate suit claiming he is owed millions of dollars, where that suit is based upon a contract asserting a right to payment at the rate of $75/per hour. Moreover, the declaration itself highlights that it is inconsistent from his prior sworn deposition testimony. Indeed, paragraphs 85 and 86 acknowledge that the declarant was deposed and gave contrary answers, allegedly under some pressure. The true fact is the declarant was present along with two attorneys he testified he was personally paying, and he gave testimony contrary to his entire declaration provided to the civil court and again herein.

2. The witness provides expert testimony without any foundation as to his qualifications.

3. The Entire Declaration should be Stricken. "A writing is not authenticated simply by attaching it to an affidavit . . . The foundation is laid for receiving a document in

evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document. . ." *U.S. v. Dribble*, 429 F.2d 598, 601-02 (9th Cir. 1970) (finding that summary judgment should cannot be predicated on insufficient affidavits that did not establish the admissibility of the attached evidence); *Estremera v. United States* 442 F3d 580, 584–585 (7th Cir. 2006)(declaration of attorney insufficient to authenticate documents where knowledge was based only upon interviews with witnesses and review of documents).

### Exhibit 4, Chat Session between Jeremy Fletcher and Brian Wikersham

4. DEBTOR objects to this entire document because it lacks foundation (Federal Rules of Evidence §§ 402, 403), and the statements constitute inadmissible hearsay without a valid exception (Federal Rules of Evidence §§ 801-807). The witness fails to provide any testimony based on personal knowledge and fails to provide any admissible testimony. There is no basis shown how either person in the chat session has any knowledge of the Project, that things were done illegally, or that the building is in danger of sliding down the hillside; there is no foundation for the qualifications of either individual to make such a statement.

5. DEBTOR objects to this exhibit on the grounds that it lacks authentication (*FRE* § 402, 403, that it lacks authenticity (Federal Rules of Evidence § 1005) Federal Rules of Evidence §§ 901, et seq.); lacks foundation (*FRE* § 402, 403, Federal Rules of Evidence §§ 901, et seq.) (no explanation as to how the records were made, how they are or were kept or maintained).

### Exhibit 9, Declaration of John Kelly

6. DEBTOR objects to this entire document because it lacks foundation (Federal Rules of Evidence §§ 402, 403), and the statements constitute inadmissible hearsay

- 3 -

without a valid exception (<u>Federal Rules of Evidence</u> §§ 801-807). The witness fails to provide any testimony based on personal knowledge and fails to provide any admissible testimony. There is no basis shown how Mr. Kelly has any personal knowledge of the Project beyond the investigation he undertook in his official capacity between 2014 and 2015.

7. PARAGRAPH 9: DEBTOR objects to this entire paragraph because it lacks foundation (<u>Federal Rules of Evidence</u> §§ 402, 403), and the statements constitute inadmissible hearsay without a valid exception (<u>Federal Rules of Evidence</u> §§ 801-807). Mr. Kelly makes statements based upon discussions with a "number of individuals" which he does not name, and one worker who he does not identify. The time period is relevant as Mr. Kelly was never on site when the actual construction at issue in the underlying litigation was ongoing and can only state what he saw during the period after his involvement began in 2014.

8. PARAGRAPH 10: DEBTOR objects to this entire paragraph because it lacks foundation (<u>Federal Rules of Evidence</u> §§ 402, 403), and the statements constitute inadmissible hearsay without a valid exception (<u>Federal Rules of Evidence</u> §§ 801-807). Mr. Kelly makes statements regarding transfers of the property which lack any relevance to bankruptcy case. The last transfer of the property was to the Debtor in 2012.

9. PARAGRAPH 11: DEBTOR objects to this paragraph because it lacks foundation (<u>Federal Rules of Evidence</u> §§ 402, 403), and the statements constitute inadmissible hearsay without a valid exception (<u>Federal Rules of Evidence</u> §§ 801-807). The witness fails to provide any evidentiary basis for the claim that the property is a risk to public safety other than it is a large building. The witness does not even state when was the last time he was at the property and more than 40% of the mass of the structure was removed in 2019.

- 4 -

**EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE CERTAIN EVIDENCE, IN SUPPORT OF MOTION TO DISMISS BANKRUPTCY CASE; AND MOTION FOR RELIEF FROM AUTOMATIC STAY**

10.   PARAGRAPH 12: DEBTOR objects to this paragraph because it lacks foundation (Federal Rules of Evidence §§ 402, 403), is pure speculation, and the statements constitute inadmissible hearsay without a valid exception (Federal Rules of Evidence §§ 801-807). The witness fails to provide any evidentiary basis for the claim that the project reached its state due to bribes being made to building officials, and in fact, Mr. Kelly himself indicates he never investigated such a suspicion. Thus, the entire statement is speculation.

## REQUEST TO STRIKE

The evidence attached to the Declaration of Shoshana Bannett should be stricken by the Court.

"A writing is not authenticated simply by attaching it to an affidavit . . . The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document. . ." *U.S. v. Dribble*, 429 F.2d 598, 601-02 (9th Cir. 1970) (finding that summary judgment should cannot be predicated on insufficient affidavits that did not establish the admissibility of the attached evidence); *Estremera v. United States* 442 F3d 580, 584–585 (7th Cir. 2006)(declaration of attorney insufficient to authenticate documents where knowledge was based only upon interviews with witnesses and review of documents).

In addition, "documents do not automatically become part of the record just because they are products of discovery." *Hoffman v. Applicators Sales and Service, Inc.*, 439 F.3d 9, 14-15 (1st Dir. 2006). See also, *Estremera v. U.S.*, *supra*.

Finally, the overwhelming bulk of the exhibits and declarations contain inadmissible hearsay without an exception. These exhibits must therefore be disregarded for the purposes of determining the MOVING PARTY'S Motions.

For these reasons, and the objections set forth above, the Court should strike from the record the improper evidence attached to the Bannett Declaration.

EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE CERTAIN EVIDENCE, IN SUPPORT OF MOTION TO DISMISS BANKRUPTCY CASE; AND MOTION FOR RELIEF FROM AUTOMATIC STAY

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court sustain the Debtor's objections and strike the portions of such evidence set forth above which were submitted in support of the MOVING PARTY'S MOTIONS.

DATED: 12/16/19

ABDULAZIZ, GROSSBART & RUDMAN

By: BRUCE D. RUDMAN
Attorneys for 901 STRADA, LLC

EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE CERTAIN EVIDENCE, IN SUPPORT OF MOTION TO DISMISS BANKRUPTCY CASE; AND MOTION FOR RELIEF FROM AUTOMATIC STAY